787 So.2d 937 (2001)
Victor GLASSPOOLE, Appellant,
v.
KONOVER CONSTRUCTION CORPORATION SOUTH, a Florida corporation, Appellee.
No. 4D00-3080.
District Court of Appeal of Florida, Fourth District.
May 30, 2001.
Larry Moskowitz of Larry Moskowitz, P.A., Fort Lauderdale, for appellant.
Angela C. Flowers of Kubicki Draper, Miami, for appellee.
POLEN, J.
Victor Glasspoole timely appeals from a final summary judgment order in favor of Konover Construction Corporation South ("Konover") which dismissed Glasspoole's personal injury claim. We affirm.
Glasspoole, an employee of a subcontractor, filed a complaint against Konover, the general contractor, seeking damages for personal injuries received while working at a construction site. He claimed that Konover *938 committed an intentional tort during the construction process by instructing an electrical subcontractor to remove the safety and protective breakers from an electrical outlet station. He then alleged that he was injured when he received a severe electrical shock while attempting to plug an extension cord into that outlet station.
Konover subsequently filed a motion for summary judgment, claiming workers' compensation immunity. In support of that motion, it filed the sworn affidavit of its supervisor for the construction site, who stated that he did not instruct anyone to remove or cause to be removed the safety and protective breakers from the relevant outlet station. The supervisor also explained that he did not know of any individual affiliated with Konover who gave said instruction or removed the breakers. Glasspoole, however, did not file any counter-evidence in response to the supervisor's affidavit.
At a hearing on the motion, the trial court stated there was nothing in the pleadings that placed Konover responsible for the actions allegedly taken by the subcontractor that created the circumstances under which Glasspoole's injury occurred. It, therefore, found that Konover had workers' compensation immunity and entered summary judgment against Glasspoole. This timely appeal followed.
The workers' compensation law, Chapter 440 of the Florida Statutes, does not protect an employer from liability for an intentional tort against an employee. Turner v. PCR, Inc., 754 So.2d 683, 687 (Fla.2000). In this vein, there are two alternative bases for an employee to prove an intentional tort action against an employer: the employer exhibited a deliberate intent to injure or engaged in conduct which is substantially certain to result in injury or death. Id. (citation omitted). While the first alternative employs a subjective test, the second alternative applies an objective standard to determine whether a reasonable employer should have known that its intentional conduct was substantially certain to result in injury or death. Id. at 688-89.
We hold that the trial court properly entered summary judgment against Glasspoole. Once the movant for summary judgment tenders competent evidence to support his motion, the opposing party must come forward with counterevidence sufficient to reveal a genuine issue of material fact. See The Florida Bar v. Mogil, 763 So.2d 303, 307 (Fla.2000). Here, Konover submitted a sworn affidavit from its supervisor, who stated that neither he nor anyone associated with Konover gave any instruction to remove the safety breakers or committed any act which would cause those breakers to be removed. This affidavit was sufficient to shift the burden to Glasspoole to come forward with any counter-evidence to show a genuine issue of material fact. Because he failed to meet that burden, we affirm. See Corbitt v. Kuruvilla, 745 So.2d 545, 548 (Fla. 4th DCA 1999).
AFFIRMED.
GROSS and TAYLOR, JJ., concur.